IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CITY OF PORTLAND,

Plaintiff,

v.

CHARLES IHEANACHO and CHERYL D. IHEANACHO, individuals,

Defendants.

Case No. 3:17-cv-00401-JR

ORDER

RUSSO, Magistrate Judge:

Defendants Charles and Cheryl Iheanacho move for attorney fees and costs in the amounts of $93,135.88 and $2,823.15, respectively, under Fed. R. Civ. P. 54 and Or. Rev. Stat. § 20.077. Plaintiff the City of Portland ("City") also moves for attorney fees and costs but only to offset defendants' award should they be adjudged the "prevailing party." For the reasons set forth below, the parties' motions are denied.

## DISCUSSION

The City commenced this action in Multnomah County Circuit Court on November 10, 2016, alleging defendants failed to report required compliance information in conjunction with a government-administered affordable housing program loan. On March 13, 2017, defendants timely removed the case to federal court. Defendants subsequently twice amended their Answer to assert counterclaims for breach of contract, breach of good faith and fair dealing, and civil rights violations.

In July 2021, both parties moved for summary judgment. The case was initially assigned to U.S. Magistrate Judge Acosta, and then was reassigned in March 2022 to U.S. Magistrate Judge Armistead and, eventually, U.S. Magistrate Judge You. Judge You held oral argument on May 10, 2022. On May 13, 2022, the case was once again reassigned from Judge You to this Court.

On June 7, 2022, the Court granted summary judgment in favor of defendants as to the City's breach of contract claim, and granted summary judgment in favor of the City as to defendants' counterclaims. In particular, the Court held that the City failed to comply with a notice provision in two of the parties' underlying contracts – specifically, the Subordination and Intercreditor Agreements with KeyBank National Association – which was a condition precedent to initiating suit.[1] *City of Portland v. Iheanacho*, 2022 WL 2048627, *4-6 (D. Or. June 7, 2022). However, both parties acknowledged on the record that nothing prevented the City from complying with that notice provision at a later date and re-filing its breach of contract claim. *Id.* at *6. Further, while the Court did not formally reach the merits of the City's claim, defendants did

[1] As the City observes, "[d]espite both parties being signatories to and in possession of the Subordination Agreements upon which defendants argued their partial motion for summary judgment neither party realized the Subordination Agreements contained a condition precedent at any time before early 2021." Pl.'s Resp. to Mot. Att'y Fees 2 (doc. 154).

not meaningfully dispute their own material breaches of their contractual regulatory requirements. *Id.* at *8. As a result, defendants could not prevail on their breach of contract counterclaim. *Id.* The Court additionally determined defendants' counterclaims were time-barred and/or suffered from a dearth of evidence. *Id.* at *9-11.

Concerning defendants' summary judgment request for attorney fees under Or. Rev. Stat. § 20.077, the Court cited Judge You's statement that "there is an open question concerning whether defendants have prevailed." *Id.* at *6. The Court also cited to defendants' counsel's acknowledgment that the issue of fees "would require further briefing . . . because this would ultimately be a matter of state law with respect to what would constitute [a] prevailing party in this particular situation with such a dismissal." *Id.* Accordingly, although the Court entered a judgment of dismissal, it provided 30 days for the parties to respectively brief their entitlement to attorney fees. *Id.* at *11. Briefing was completed on August 15, 2022.

Pursuant to the prevailing party's motion, the court may award reasonable attorney fees and costs. Fed. R. Civ. P. 54(d); LR 54; Or. Rev. Stat. §§ 20.096(1), 20.077(1).[2] The court is required to ensure an award's reasonableness, irrespective of any opposition from the non-prevailing party. *Gates v. Deukmejian*, 978 F.2d 1392, 1400-02 (9th Cir. 1992). "[C]onsiderable

---

[2] Specifically, § 20.096 states: "In any action or suit in which a claim is made based on a contract that specifically provides that attorney fees and costs incurred to enforce the provisions of the contract shall be awarded to one of the parties, the party that prevails on the claim shall be entitled to reasonable attorney fees in addition to costs and disbursements." Or. Rev. Stat. § 20.096(1). Section 20.077 clarifies that where, as here, "one or more claims are asserted for which an award of attorney fees is either authorized or required, the prevailing party on each claim shall be determined as provided in this section." Or. Rev. Stat. § 20.077(1). Defendants also rely on Or. Rev. Stat. § 20.075(1), which applies to "any case in which an award of attorney fees is authorized by statute and in which the court has discretion to decide whether to award attorney fees." Defs.' Mem. in Supp. of Mot. Att'y Fees 6-10 (doc. 142); *but see* Pl.'s Resp. to Mot. Att'y Fees 9 (doc. 154) ("ORS 20.075 factors are only required where a fee award is authorized by statute [and] not . . . where the fee claim arises in contract"). To the extent Or. Rev. Stat. § 20.075(1) is relevant to the present dispute, it does not dictate a different outcome.

discretion" is vested in the court in determining what fees are reasonable. *Webb v. Ada Cnty., Idaho*, 195 F.3d 524, 526-27 (9th Cir. 1999).

Thus, as a threshold matter, the Court must resolve whether defendants are the "prevailing party" in regard to the City's breach of contract claim.[3] *See Robert Camel Contracting v. Krautscheid*, 205 Or.App. 498, 503, 134 P.3d 1065 (2006) (when a civil action involves multiple claims for which attorney fees are available, the court must "determine the prevailing party on each claim and award attorney fees accordingly"). "For the purposes of making an award of attorney fees on a claim, the prevailing party is the party who receives a favorable judgment or arbitration award on the claim." Or. Rev. Stat. § 20.077(2). The determination of "which party received a 'favorable judgment' requires a comparison of the results sought and obtained by each party." *Merrick v. City of Portland*, 313 Or.App. 647, 662, 496 P.3d 1085 (2021). "It does not necessarily follow, however, that merely because a party does not obtain all the relief sought, that the party is not the prevailing party." *Id.*

Nevertheless, Oregon courts have consistently interpreted the inclusion of the "favorable judgment" language in Or. Rev. Stat. § 20.077(2) to necessitate that the "prevailing party" obtain some form of material relief.[4] *See Indoor Billboard Nw. Inc. v. M2 Sys. Corp.*, 2013 WL 12321560,

---

[3] The parties argue at length over the significance and extent of the underlying agreements' attorney fee provisions. *See, e.g.*, Pl.'s Resp. to Mot. Att'y Fees 3-8 (doc. 154); Defs.' Reply to Mot. Att'y Fees 2-8 (doc. 157). Yet it is undisputed that attorney fees are contractually authorized. Further, "[t]he City acknowledges it failed to properly wordcount and certify [its opposition in accordance with] LR 54-3(e)." Pl.'s Reply to Mot. Att'y Fees 2 n.2 (doc. 159). Because defendants have had a chance to adequately reply to all of plaintiff's responsive arguments, the Court declines to refuse "consideration of Plaintiff's Objection in its entirely." Defs.' Reply to Mot. Att'y Fees 1 (doc. 157). The Court nonetheless notes that those portions of plaintiff's opposition that exceed 3,000 words or 10 pages ultimately did not alter or otherwise materially impact the analysis below.

[4] With the exception of *Sunset Presbyterian Church v. Andersen Const. Co.*, 268 Or.App. 309, 341 P.3d 192 (2014), *rev. denied*, 357 Or. 551, 357 P.3d 504 (2015) – which, as addressed herein, detracts from, rather than supports, defendants' position – the authority defendants rely on predates

*2-3 (D. Or. Oct. 9, 2013) (confirming the court's denial of attorney fees where the defendant procured a non-prejudicial dismissal for lack of personal jurisdiction); *Sunset Presbyterian Church*, 268 Or.App. at 322-34 (although summary judgment was granted in the plaintiff's favor as to the subcontractor's duty to defend the defendant-contractor, the plaintiff was not the "prevailing party" under Or. Rev. Stat. § 20.077 because it was not awarded any substantive relief in the form of damages); *see also Haynes v. Adair Homes, Inc.*, 231 Or.App. 144, 154, 217 P.3d 1113 (2009), *rev. den.*, 348 Or. 414, 233 P.3d 817 (2010) (denoting that "temporary success" did not create an entitlement to "prevailing party" appellate fees under Or. Rev. Stat. § 20.077(3)).

Accordingly, the particular facts of this case are insufficient to confer "prevailing party" status on defendants.[5] The resolution of the parties' claims has not altered the City's rights in a

---

the legislatures 2003 and 2001 amendments to Or. Rev. Stat. § 20.077 and Or. Rev. Stat. § 20.096, respectively. *See* Defs.' Mem. in Supp. of Mot. Att'y Fees 4 (doc. 142) (citing *Dean Vincent, Inc. v. Krishell Labs.*, 271 Or. 356, 532 P.2d 237 (1975); *Wacker Siltronic Corp. v. Pakos*, 58 Or.App. 40, 646 P.2d 1366 (1982); *Wilkes v. Zurlinden*, 328 Or. 626, 984 P.2d 261 (1999)). Yet, as defendants acknowledge, these amendments removed "the 'finality' requirement" relating to the dispositive judgment and replaced it with the "favorable" requirement. *Id.* at 3. In other words, *Dean*, *Wacker*, and *Wilkes* were each premised on the issuance of a final judgment in relation to an earlier version of Or. Rev. Stat. § 20.096, which did not necessitate that the outcome be "favorable" in order for a party to prevail and obtain attorney fees. *See* Defs.' Reply to Mot. Att'y Fees 2 (doc. 157) (recognizing that "[t]he current version of ORS 20.096 . . . no longer includes a definition of prevailing party [such that] [p]revailing party determinations are now made pursuant to ORS 20.077"). Although neither party cites to any relevant precedent from the Oregon Court of Appeals or Oregon Supreme Court, this District has expressly examined the amendments to Or. Rev. Stat. § 20.077 and Or. Rev. Stat. § 20.096, and held that they contemplate at least some conducive "adjudication on the merits of the claim." *Indoor Billboard Nw.*, 2013 WL 12321560 at *2-3 (quoting *O.N. Equity Sales Co. v. Est. of Pence*, 2011 WL 2198307, *2-3 (D. Or. May 4), *adopted by* 2011 WL 2200810 (D. Or. June 7, 2011)). While *Indoor Billboard* is not binding, the Court finds its reasoning both persuasive and consistent with the overall weight of recent Oregon authority.

[5] Although not dispositive, the Court denotes that Oregon's application of the "favorable judgment" language is consistent with federal standards, which define the "prevailing party" under Fed. R. Civ. P. 54 as the one who receives a "favorable material alteration of the legal relationship of the parties" – i.e., "enforceable judgments on the merits and court-ordered consent decrees." *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604

way that materially benefits defendants. Indeed, the parties recognize there is no bar to the City re-filing its breach of contact claim. And given the record before the Court at summary judgment, defendants are unlikely to prevail on the merits of the City's allegations of breach of contract, unless they can prove a viable affirmative defense. In other words, defendants here have won nothing but the opportunity to litigate the merits of the City's claim at a later date – i.e., after the requisite notice has been given and the 30-day cure period has lapsed. It would be anathema to logic to award defendants attorney fees and costs via these proceedings, given the potential for the City to prevail on its breach of contract claim in subsequent litigation (which, of course, would create a competing entitlement to § 20.077 fees).[6]

Moreover, even assuming defendants could be deemed the "prevailing party," costs would nonetheless be improper. As addressed herein, defendants were granted summary judgment as to the City's claim, but the City was granted summary judgment as to defendants' counterclaims. In a mixed judgment, where no party prevailed on all claims, courts may discretionarily refuse to award costs. *See Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996) (in the event of a mixed judgment, "it is within the discretion of a district court to require each party to bear its own costs"); *see also Univ. Accounting Serv., LLC v. Schulton*, 2020 WL 4053499, *2 (D. Or. July 20, 2020) (denying costs where "it is unclear who is the 'prevailing party' as between UAS and

(2001); *see also Cadkin v. Loose*, 569 F.3d 1142, 1148-50 (9th Cir. 2009) (a court action materially alters the legal relationship of the parties when it deprives the losing party "of the ability to seek relief in federal court . . . a defendant is a prevailing party following dismissal of a claim if the plaintiff is judicially precluded from refiling the claim against the defendant"); *Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d 978, 981-82 (9th Cir. 2008) (involuntary dismissal without prejudice did not confer "prevailing party" status).

[6] To avoid this specious outcome, but still protect defendants' statutory and contractual rights, defendants should be allowed to recoup their reasonable attorney fees incurred via these proceedings if the City refiles its claim and defendants become the "prevailing party" at that juncture. *See, e.g.*, *O.N. Equity Sales Co.*, 2011 WL 2198307 at *2-3.

ScholarChip," as "[b]oth won a portion of this lawsuit, and both lost a portion"). Similarly, courts may reduce the costs awarded to a prevailing party to reflect the extent of their victory. *Williams v. Gaye*, 895 F.3d 1106, 1133 (9th Cir. 2018).

Finally, the City requests attorney fees in the amount of $146,920.52 and costs in the amount of $3,324.96, arguing it is beyond dispute that the City qualifies as the "prevailing party" in regard to each of defendants' counterclaims (including those sounding in contract).[7] Both amounts are well in excess of defendants' corresponding requests. Thus, significantly reducing the City's attorney fees for defects in its billing statement would still be unlikely to yield any overage for defendants (even presuming their request is entirely reasonable). *Cf. Shum v. Intel Corp.*, 629 F.3d 1360, 1364 (Fed. Cir. 2010) (district court did not abuse its discretion by allocating costs to each party with respect to the claims on which they prevailed and "netting those sums to arrive at the final figure"). Stated differently, even if defendants could be categorized as the "prevailing party" in relation to the City's claim, in considering the results each party sought and ultimately obtained, defendants would not be entitled to any fees.

---

[7] The City's request "represents 60% of its incurred fees through June 30, 2022" – i.e., the City already reduced its fees from $244,867.54 "to account for work performed solely related to its claims." Pl.'s Reply to Mot. Att'y Fees 2 (doc. 159). Additionally, although the City accrued costs, it elected not to file a verified Bill of Costs within 14 (or, for that matter, 30 days) of judgment because it "does not independently seek costs from defendants." *Id.* at 4; *see also* Pl.'s Resp. to Bill of Costs 2-3 (doc. 140) (the City "would be entitled to its costs for prevailing on its motions for summary judgment against Defendants' counterclaims [but it] has no interest in creating additional financial burden for Defendants" and instead simply opposes defendants' Bill of Costs on the grounds that "the circumstances under which Defendants secured the dismissal are not 'ordinary' and the equitable result requires denial of the cost petition").

## CONCLUSION

Defendants' Bill of Costs (doc. 139) and Motion for Attorney Fees (doc. 141) are denied. As a result, the City's Motion for Attorney Fees (doc. 146) to offset any defense award is denied as moot. Defendants' request for oral argument is denied as unnecessary.

IT IS SO ORDERED.

DATED this 17th day of August, 2022.

                /s/ Jolie A. Russo
                Jolie A. Russo
        United States Magistrate Judge